**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| HEUBEL MATERIAL HANDLING, INC.,<br>6311 Northeast Equitable Road<br>Kansas City, MO 64120<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSAL UNDERWRITERS INSURANCE COMPANY,<br>7045 College Boulevard<br>Overland Park, KS 66211,<br><br>Defendant. | ) | Case No: 4:10-CV-00102-DGK |

**AMENDED DECLARATORY JUDGMENT COMPLAINT**

NOW COMES Plaintiff Heubel Material Handling, Inc. by its attorneys, Quarles & Brady LLP and Scharnhorst Ast & Kennard, P.C., and as and for its Amended Declaratory Judgment Complaint against the Defendants in this matter states as follows:

**THE PARTIES**

1. Plaintiff Heubel Material Handling Company, Inc. (hereinafter "Heubel") is a corporation organized under the laws of the State of Missouri with its principal place of business at 6311 Northeast Equitable Road, Kansas City, MO 64120. Heubel is in the business of selling and servicing material handling equipment.

2. Upon information and belief, Defendant Universal Underwriters Insurance Company ("Universal") is a Kansas corporation having its principal place of business at 7045 College Boulevard, Overland Park, KS 66211. Universal's registered agent for service of process in Missouri is CSC – Lawyers Incorporating Service at 221 Bolivar Street, Jefferson City, MO 65101. Universal does substantial business in Jackson County, Missouri.

## JURISDICTIONAL ALLEGATIONS

3. The amount in controversy in this case exceeds $75,000.00

4. Complete diversity of citizenship exists between Heubel and Universal.

5. The district court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## ALLEGATIONS COMMON TO ALL CLAIMS

6. Universal issued liability insurance policies which provide primary, excess and/or umbrella liability coverage for certain third party liability claims made against Heubel during a policy period of June 1, 2007 to June 1, 2008. The policy number for the applicable insurance polices is 268791.

7. Under the liability policies referenced, Universal agreed in exchange for a premium paid and subject to any applicable deductible to defend and indemnify Heubel for amounts or judgments that Heubel might incur in a lawsuit brought by Plaintiff William Harris in a matter captioned as William R. Harris v. Heubel Material Handling, Inc., United States District Court for the District of Kansas, Case No. 09-CV-1136 EHM-KHM (the "Harris suit").

8. In the Harris suit, Plaintiff alleges that Heubel failed to properly repair a brake failure in a piece of material handling equipment known as a walk-rider. Plaintiff alleges Heubel's actions caused him injury.

9. On or about November 18, 2009 Heubel gave written notice to Universal Underwriters of the Harris suit.

10. After receiving notice, Universal agreed to defend Heubel subject to a full reservation of rights in a letter dated November 23, 2009 written by Universal Attorney Brian Mark to representatives of Heubel. Universal's reservation of rights position asserted that

Heubel did not comply with the notice requirements under the policies which allows Universal to disclaim all coverage for the Harris suit.

11. Heubel filed the instant suit, asserting Universal's simultaneous defense of Heubel while its reserving rights posed a conflict of interest for Universal's appointed counsel. Heubel sought a declaration that it was entitled to defend the action using its own independent counsel in light of Universal's reservation of rights letter.

12. On or about February 5, 2010, Universal's Attorney Brian Mark withdrew Universal's reservation of rights position regarding untimely notice and, due to the withdrawal, asserted that Universal had the right to select its own counsel to defend Heubel in the underlying suit.

13. While Universal withdrew its reservation of rights concerning untimely notice, Universal almost immediately thereafter sought to impose a new requirement that Heubel enforce any possible indemnity rights it may have against a third party, The Raymond Corporation ("Raymond") relating to the Harris suit.

14. Universal asserts that the "cooperation clause" in its policy obligates Heubel to enforce any rights it may have under an indemnity agreement with Raymond.

15. Universal claims any failure of Heubel to enforce its indemnity rights under the Raymond indemnity agreement constitutes a breach of the cooperation clause and allows Universal to fully disclaim coverage for Heubel for the Harris suit.

16. Separately, a dispute potentially exists as to whether the Raymond indemnity agreement actually provides indemnity to Heubel for the underlying Harris suit.

17. Universal's requirement that Heubel pursue and enforce indemnity creates a potential or actual conflict of interest between Universal and Heubel and for the counsel that Universal has selected to represent Heubel in the defense of the Harris suit.

18. Universal has asked its appointed counsel, John Gibson, in the Harris suit to pursue indemnity against Raymond on behalf of Heubel.

19. By pursuing indemnity under the Raymond indemnity agreement, Universal's selected counsel could be required to take inconsistent or contradictory positions from those Heubel has taken in the defense of the underlying Harris suit.

20. By taking inconsistent or contradictory positions, Heubel will be prejudiced in the defense of the underlying Harris suit.

21. For these reasons, Heubel is entitled to independent counsel to represent its interests in the underlying Harris suit.

22. Heubel has no obligation under the Universal policy to seek indemnity under any Raymond indemnity agreement if seeking indemnity prejudices Heubel's position in the underlying Harris suit or creates a conflict of interest.

23. Under Missouri law, a policyholder is not required to comply with a cooperation clause in an insurance policy if compliance creates a conflict of interest between the policyholder and insurer.

24. Under Missouri law, if an insurer asserts a defense to insurance coverage based upon lack of cooperation, the insurer must demonstrate that it has been prejudiced by the lack of cooperation.

25. Universal suffers no prejudice by any failure of Heubel to enforce its indemnity rights with Raymond.

26. By failing to enforce an indemnity right under the Raymond indemnity agreement, Heubel does not prejudice Universal because Universal can never directly benefit from the Raymond indemnity program.

27. Universal has no direct right to recovery under the Raymond indemnity agreement because it lacks privity with Raymond, is not a party to the Raymond indemnity agreement, and is not a direct beneficiary under Raymond indemnity agreement.

28. While Universal has no direct right of recovery under any Raymond indemnity agreement, it may have an indirect right of recovery by virtue of subrogation.

29. The part of Universal's cooperation clause concerning indemnification is intended to preserve Universal's subrogation rights which arise after Universal provides coverage for suits against an insured.

30. The Universal policy terms give Heubel the right to ask Universal to waive any subrogation rights that may accrue under the policy, stating as follows: "[Heubel] must do all in its power to preserve . . . rights to recover from others . . . However, [Universal] will not exercise [its] right of subrogation if [Heubel asks Universal] not to." (Universal Policy, Page 7).

31. The waiver of rights provision applies to Universal's right to pursue subrogation against Raymond under the Raymond indemnity agreement and any requirement that Heubel enforce any indemnification under the Raymond indemnity agreement.

32. As of March 22, 2010, Heubel formally requested Universal to waive any subrogation rights it may have to recoup payments under the Raymond indemnity agreement.

33. Universal has refused to waive any subrogation rights under the Raymond indemnity agreement, contrary to Heubel's request.

34. Under Missouri law, any ambiguities in an insurance policy must be read in favor of the insured.

35. When read together, the "subrogation waiver clause" and "cooperation clause" create a contextual ambiguity in the Universal policy which must be interpreted in favor of Heubel as the insured.

**COUNT 1 - DECLARATORY RELIEF AGAINST UNIVERSAL UNDERWRITERS INSURANCE COMPANY**

36. Paragraphs 1 through 35 are re-alleged and incorporated as though fully set forth herein.

37. A justiciable controversy currently exists between Heubel and Universal as to the applicability and enforceability of the "cooperation clause" in the Universal policy.

38. A justiciable controversy currently exists between Heubel and Universal as to the applicability and scope of the "subrogation waiver provision" in the Universal policy.

39. Heubel is entitled to a declaration that Universal provides a defense and indemnity to Heubel for liability associated with the Harris suit without any requirement that Heubel seek indemnity against a third party, including Raymond, because of potential or actual conflicts of interest that may arise.

40. Heubel is entitled to a declaration that by exercising the subrogation waiver provision in the Universal policy Heubel has no obligation to pursue Raymond for indemnity payments under the Raymond indemnity agreement.

41. Heubel is entitled to a declaration that it is entitled to separate, independent counsel to the extent that Universal seeks to compel Heubel to enforce indemnity rights under the Raymond indemnity agreement.

**COUNT 2 – BREACH OF CONTRACT**

42. Paragraphs 1 through 41 are re-alleged and incorporated as though fully set forth herein.

43. Universal provided one or more primary, umbrella, or excess liability insurance policies to Heubel to insure Heubel for certain claims like those arising out of the Harris suit.

44. Universal has declined to provide a defense under the respective policies issued to Heubel without such defense simultaneously placing Heubel in a conflict of interest and prejudicing Heubel.

45. By failing to provide Heubel a defense free of any conflict, the Universal has breached its duty to defend.

46. As a direct and proximate result of Defendant's breach of its duty to defend under its policies, Heubel has suffered damages.

47. As a result of its breach of the duty to defend, Defendant has waived all coverage defenses under its respective policies insuring Heubel for these claims.

48. Universal has further breached its policy terms by failing to waive any subrogation right it may have pursuant to its policy.

WHEREFORE, Heubel demands judgment in its favor against Universal for the following relief:

1. A Declaration that Heubel is entitled to coverage under the Universal insurance policies for the Harris suit;
2. A Declaration that Heubel has not breached the cooperation clause in the Universal policy relating to enforcement of any potential indemnity right under the Raymond indemnity program;
3. A Declaration that Heubel is entitled to retain independent counsel to defend it in the Harris suit in light of the potential or actual conflict that would exist with Universal's selected counsel seeking indemnity under the Raymond indemnity agreement;
4. A holding that Universal has breached its insurance contract with Heubel;
5. Compensatory damages;

6. Actual attorneys fees and costs; and

7. Such other relief as the Court may deem just and appropriate.

Dated this 23rd day of April, 2010.

Respectfully submitted,

/s/_Shannon D. Cohorst________________
Todd A. Scharnhorst MO #58116
Shannon D. Cohorst MO #60180
SCHARNHORST AST & KENNARD, P.C.
1000 Walnut, Suite 1550
Kansas City, Missouri 64106-2143
Telephone: (816) 268-9400
Facsimile: (816) 268-9409
E-mail: tas@sakfirm.com
sdc@sakfirm.com

And

Patrick S. Nolan
QUARLES & BRADY LLP
411 East Wisconsin Avenue, Suite 240
Milwaukee, WI 53202-4497

*Attorneys for Heubel Materials Handling Company, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was filed electronically with the Court via ECF, and served via the Court's automatic system, on this 23rd day of April, 2010 to:

David R. Buchanan
BROWN & JAMES, P.C.
1100 Main Street, Suite 1900
Kansas City, Missouri 64105
Telephone: (816) 472-0800
Facsimile: (816) 421-1183

*Attorney for Universal Underwriters Insurance Company*

_s/ _Shannon D. Cohorst________________
An Attorney