**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **HEUBEL MATERIAL HANDLING, INC.**<br>**a Missouri corporation**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**UNIVERSAL UNDERWRITERS INSURANCE COMPANY**<br>**a Kansas corporation**<br><br>**Defendant.** | ) | **Case No.: 4:10-CV-00102-DGK** |

**DEFENDANT/THIRD-PARTY PLAINTIFF'S ANSWER TO PLAINTIFF'S AMENDED DECLARATORY JUDGMENT COMPLAINT AND COUNTERCLAIM**

**COMES NOW** Defendant Universal Underwriters Insurance Company ("Universal Underwriters"), by and through its undersigned counsel, and for its Answer to Plaintiff's Amended Declaratory Judgment Complaint and Counterclaim, states the following:

1. Universal Underwriters admits the allegations contained in Paragraph 1 of Heubel's Amended Complaint.

2. Universal Underwriters admits the allegations contained in Paragraph 2 of Heubel's Amended Complaint.

3. Universal Underwriters admits the allegations contained in Paragraph 3 of Heubel's Amended Complaint.

4. Universal Underwriters admits the allegations contained in Paragraph 4 of Heubel's Amended Complaint.

5. Universal Underwriters admits the allegations contained in Paragraph 5 of Heubel's Amended Complaint.

6. Universal Underwriters admits the allegations contained in Paragraph 6 of Heubel's Amended Complaint.

7. In response to Paragraph 7 of Heubel's Amended Complaint, Universal Underwriters admits that it agreed to defend and indemnify Heubel pursuant to, and in accordance with, the terms of the policy issued by Universal Underwriters to Heubel and the law governing said policy. Any and all remaining allegations contained in Paragraph 7 of Heubel's Amended Complaint are denied.

8. Universal Underwriters admits the allegations contained in Paragraph 8 of Heubel's Amended Complaint.

9. Universal Underwriters admits the allegations contained in Paragraph 9 of Heubel's Amended Complaint.

10. In response to Paragraph 10 of Heubel's Amended Complaint, Universal Underwriters admits that it agreed to defend Heubel subject to a full reservation of rights in a letter dated November 23, 2009, and that Universal Underwriters initially offered to defend Heubel under a reservation of rights due to Heubel knowing of the potential Harris claim in excess of 2 years prior to giving notice of the possible claim, and litigating the suit arising out of the Harris claim in excess of 6 months before giving notice of the claim to Universal Underwriters. Any and all remaining allegations contained in Paragraph 10 of Heubel's Amended Complaint are denied.

11. Universal Underwriters is without sufficient information to either admit or deny the allegations contained in Paragraph 11 of Heubel's Amended Complaint, and therefore denies the same.

12. Universal Underwriters admits the allegations contained in Paragraph 12 of Heubel's Amended Complaint.

13. In response to Paragraph 13 of Heubel's Amended Complaint, Universal Underwriters admits that it sought Heubel's cooperation in pursuing all available means of limiting Heubel's potential liability in the Harris suit, which included requesting that Heubel provide copies of all indemnification agreements it had with other parties. To date, Heubel has refused to provide the applicable indemnification agreements to Universal Underwriters. Any and all remaining allegations contained in Paragraph 13 of Heubel's Amended Complaint are denied.

14. In response to Paragraph 14 of Heubel's Amended Complaint, Universal Underwriters asserts that the provision in the Policy providing "[e]ach insured must cooperate and assist Universal Underwriters] in the enforcement of . . . contribution or indemnification" speaks for itself. (Policy, 70-71). Any and all remaining allegations contained in Paragraph 14 of Heubel's Amended Complaint are denied.

15. In response to Paragraph 15 of Heubel's Amended Complaint, Universal Underwriters asserts that the provision in the Policy providing "[e]ach insured must cooperate and assist Universal Underwriters] in the enforcement of . . . contribution or indemnification" speaks for itself. (Policy, 70-71). Universal Underwriters is not clairvoyant and thus cannot respond to Heubel's all-encompassing statement concerning "any failure of Heubel to enforce its indemnity rights." However, Universal Underwriters denies that Heubel, to date, has given a valid reason to avoid its obligation from all available sources. Any and all remaining allegations contained in Paragraph 15 of Heubel's Amended Complaint are denied.

16. To date, Heubel has obstinately refused to disclose the terms of the indemnification agreement between itself and The Raymond Corporation ("Raymond"), the manufacturer of the material handling equipment, known as a walk-rider, involved in the Harris claim. Therefore, Universal Underwriters is without sufficient information to either admit or deny the allegations contained in Paragraph 16 of Heubel's Amended Complaint, and therefore denies the same.

17. Universal Underwriters denies the allegations contained in Paragraph 17 of Heubel's Amended Complaint.

18. John Gibson was directed to pursue all potential sources of indemnity for the Harris claim pursuant to the terms of the policy. Any and all remaining allegations contained in Paragraph 18 of Heubel's Amended Complaint are denied.

19. To date, Heubel has obstinately refused to disclose the terms of the indemnification agreement between itself and Raymond. Therefore, Universal Underwriters is without sufficient information to either admit or deny the allegations contained in Paragraph 19 of Heubel's Amended Complaint, and therefore denies the same.

20. To date, Heubel has obstinately refused to disclose the terms of the indemnification agreement between itself and Raymond. Therefore, Universal Underwriters is without sufficient information to either admit or deny the allegations contained in Paragraph 20 of Heubel's Amended Complaint, and therefore denies the same.

21. To date, Heubel has obstinately refused to disclose the terms of the indemnification agreement between itself and Raymond. Therefore, Universal Underwriters is without sufficient information to either admit or deny the allegations contained in Paragraph 21 of Heubel's Amended Complaint, and therefore denies the same.

22. Universal Underwriters denies the allegations contained in Paragraph 22 of Heubel's Amended Complaint.

23. Universal Underwriters denies the allegations contained in Paragraph 23 of Heubel's Amended Complaint.

24. Paragraph 24 of Heubel's Amended Complaint is a conclusory statement of an issue of law that is to be determined by the Court. As such, no response is required. To the extent a response is required, Universal Underwriters denies the allegations contained in Paragraph 24 of Heubel's Amended Complaint.

25. Universal Underwriters denies the allegations contained in Paragraph 25 of Heubel's Amended Complaint.

26. Universal Underwriters denies the allegations contained in Paragraph 26 of Heubel's Amended Complaint.

27. To date, Heubel has obstinately refused to disclose the terms of the indemnification agreement between itself and Raymond. Therefore, Universal Underwriters is without sufficient information to either admit or deny the allegations contained in Paragraph 27 of Heubel's Amended Complaint, and therefore denies the same.

28. To date, Heubel has obstinately refused to disclose the terms of the indemnification agreement between itself and Raymond. Therefore, Universal Underwriters is without sufficient information to either admit or deny the allegations contained in Paragraph 28 of Heubel's Amended Complaint, and therefore denies the same.

29. Universal Underwriters denies the allegations contained in Paragraph 29 of Heubel's Amended Complaint.

30. Universal Underwriters denies the allegations contained in Paragraph 30 of Heubel's Amended Complaint to the extent they imply that Heubel's duty to cooperate in the enforcement of any and all indemnification agreements it may have with third parties is considered a right of subrogation or is governed by a provision in the policy concerning Universal Underwriters' rights to subrogation. Universal Underwriters admits that the Policy states in part:

> **SUBROGATION** – YOU and each INSURED must do all in their power to preserve their rights to recover from others. Once WE have made a payment under this policy, whether or not YOU or an INSURER are fully compensated, YOUR or an INSURED'S rights to recover from others become OUR rights.
>
> However, WE will not exercise OUR right of subrogation if YOU ask US not to. (Policy, 6-7).

Universal Underwriters denies all of the remaining allegations contained in Paragraph 30 of Heubel's Amended Complaint.

31. Universal Underwriters denies the allegations contained in Paragraph 31 of Heubel's Amended Complaint.

32. In response to Paragraph 32 of Heubel's Amended Complaint, Universal Underwriters admits that on or about March 22, 2010, Heubel requested Universal Underwriters waive any subrogation rights it may have to pursue payment from Raymond. Universal Underwriters denies the allegations contained in Paragraph 32 of Heubel's Amended Complaint to the extent they imply that Heubel's duty to cooperate in the enforcement of any and all indemnification agreements it may have with third parties is considered a right of subrogation or is governed by a provision in the policy concerning Universal Underwriters' rights to subrogation. Universal Underwriters denies all of the remaining allegations contained in Paragraph 32 of Heubel's Amended Complaint.

33. In response to Paragraph 33 of Heubel's Amended Complaint, Universal Underwriters does not believe that any rights it may have arising from the indemnification agreement between Heubel and Raymond can be considered rights of subrogation. As such, Universal Underwriters does not have a right of subrogation to waive. Universal Underwriters denies all of the remaining allegations contained in Paragraph 33 of Heubel's Amended Complaint.

34. Paragraph 34 of Heubel's Amended Complaint is a conclusory statement of an issue of law that is to be determined by the Court. As such, no response is required. To the extent a response is required, Universal Underwriters denies the allegations contained in Paragraph 34 of Heubel's Amended Complaint.

35. In response to Paragraph 35 of Heubel's Amended Complaint, Universal Underwriters denies that the subrogation clause and cooperation clause are ambiguous with respect to Heubel's duty to pursue any and all rights of indemnification against third parties. Universal Underwriters denies all of the remaining allegations contained in Paragraph 35 of Heubel's Amended Complaint.

**COUNT 1 – DECLARATORY RELIEF AGAINST UNIVERSAL UNDERWRITERS INSURANCE COMPANY**

36. In response to Paragraph 36 of Heubel's Amended Complaint, Universal Underwriters incorporates by reference as if fully stated herein its responses to Paragraphs 1 through 35 of Heubel's Amended Complaint as set forth above.

37. Universal Underwriters admits the allegations contained in Paragraph 37 of Heubel's Amended Complaint.

38. Universal Underwriters admits the allegations contained in Paragraph 38 of Heubel's Amended Complaint.

39. Universal Underwriters denies the allegations contained in Paragraph 39 of Heubel's Amended Complaint.

40. Universal Underwriters denies the allegations contained in Paragraph 40 of Heubel's Amended Complaint.

41. Universal Underwriters denies the allegations contained in Paragraph 41 of Heubel's Amended Complaint.

**WHEREFORE**, Universal Underwriters, having fully responded to each of the allegations contained in Count 1 of Heubel's Amended Complaint, respectfully requests that the Court dismiss Count 1 of said Amended Complaint, deny the relief and remedies claimed by Heubel in Count 1, and for such further relief as the Court deems just and proper.

**COUNT 2 – BREACH OF CONTRACT**

42. In response to Paragraph 42 of Heubel's Amended Complaint, Universal Underwriters incorporates by reference as if fully stated herein its responses to Paragraphs 1 through 41 of Heubel's Amended Complaint as set forth above.

43. In response to Paragraph 43 of Heubel's Amended Complaint, Universal Underwriters admits that it has provided one or more primary, umbrella, or excess liability insurance policies to Heubel to insure Heubel for certain claims. Any and all remaining allegations contained in Paragraph 43 of Heubel's Amended Complaint are denied.

44. Universal Underwriters denies the allegations contained in Paragraph 44 of Heubel's Amended Complaint.

45. Universal Underwriters denies the allegations contained in Paragraph 45 of Heubel's Amended Complaint.

46. Universal Underwriters denies the allegations contained in Paragraph 46 of Heubel's Amended Complaint.

47. Universal Underwriters denies the allegations contained in Paragraph 47 of Heubel's Amended Complaint.

48. Universal Underwriters denies the allegations contained in Paragraph 48 of Heubel's Amended Complaint.

**WHEREFORE**, Universal Underwriters, having fully responded to each of the allegations contained in Count 2 of Heubel's Amended Complaint, respectfully requests that the Court dismiss Count 2 of said Amended Complaint, deny the relief and remedies claimed by Heubel in Count 2 and for such further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

49. Universal Underwriters incorporates by reference as if fully stated herein its responses to Paragraphs 1 through 49 of Heubel's Amended Complaint as set forth above.

50. Further answering and by way of affirmative defense, Universal Underwriters states that Heubel is barred from recovery herein against Universal Underwriters because Heubel materially breached the terms and conditions of the insurance policy, attached hereto as **Exhibit A**.

51. Further answering and by way of affirmative defense, Heubel is subject to each and every term, definition, and condition contained within the insurance policy and Universal Underwriters hereby reserves the right to assert any additional defenses, arising out of the policy's terms, definitions, and conditions that may be learned through the course of discovery.

52. Further answering and by way of affirmative defense, Heubel hereby reserves the right to assert any additional defenses that may be learned through the course of discovery.

**WHEREFORE**, Universal Underwriters, having fully responded to each of the allegations contained in Heubel's Amended Complaint, and having pled its affirmative defense, respectfully requests that the Court dismiss Heubel's Amended Complaint, deny the relief and remedies claimed by Heubel, and for such further relief as the Court deems just and proper.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT
**(Heubel)**

53. Universal Underwriters incorporates by reference as if fully stated herein its responses to Paragraphs 1 through 52 of Heubel's Amended Complaint as set forth above.

54. The Universal Underwriters policy states in part:

> WE have the right and duty to defend any SUIT asking for these DAMAGES. WE may investigate and settle any claim or SUIT WE consider appropriate. OUR payment of the limit shown in the declarations ends OUR duty to defend. (p.64).
>
> **INSURED'S DUTIES AFTER INJURY** . . . (3) Each INSURED must cooperate and assist US in the investigation, settlement, defense, enforcement of contribution or indemnification. The INSURED may not, except at their own expense, make any offer or payment, assume any obligation or incur any expense unless otherwise permitted by this Coverage Part **(Ex. A 70-71.)**

55. Heubel has breached the terms of the policy requiring it to cooperate in the defense of the Harris case and requiring it to cooperate in the maintenance and pursuit of all available means of indemnification.

56. In a letter dated February 5, 2010, Universal Underwriters offered to defend Heubel without reservation in the underlying Harris suit. To date, Heubel has refused Universal Underwriters' offer.

57. Heubel has prevented Universal Underwriters from exercising its right and duty to defend the Harris suit.

58. Prior to obtaining coverage, Heubel provided the documents attached hereto as **Exhibit B** and **Exhibit C** to Universal Underwriters evidencing an indemnification agreement between Raymond and Heubel.

59. On information and belief, Raymond agreed to pay all defense costs and to indemnify Heubel to the fullest extent allowable by law in the event of settlement or adverse judgment in a personal injury suit, such as the liability arising from the Harris case, up to the limits of Raymond's self-inured retention of $2 million per occurrence and a global excess insurance policy, which has a per occurrence limit of approximately $26 million. **(Ex. B p.3.)**

60. In its application for insurance, Heubel indicated that "Raymond Corp. holds dealer harmless" **(Ex. C p.2.)**

61. Heubel must cooperate and assist Universal Underwriters in the enforcement of indemnification from all available sources **(<u>Supra</u>, ¶ 54.)**

62. Universal Underwriters has requested that Heubel provide a complete copy of its indemnification agreement with Raymond, and Heubel has refused.

63. Universal Underwriters has requested that Heubel pursue its right to indemnification from Raymond, and as indicated by the Amended Declaratory Judgment Complaint, Heubel has refused.

64. Universal Underwriters has requested that Heubel preserve its right to indemnification from Raymond, and as indicated by its motion for leave to file an amended Complaint, Heubel has refused.

65. Universal Underwriters has been prejudiced by Heubel's breach of its duty to cooperate in the defense of the Harris case and by Heubel's breach of its duty to cooperate in the maintenance and pursuit of all available means of indemnification.

66. A justiciable controversy exists between the parties concerning whether Heubel materially breached the terms of the policy and, if so, whether Universal Underwriters was prejudiced.

67. Pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, Universal Underwriters is entitled to a declaration that Heubel has materially breached the terms of the policy, that Universal Underwriters was prejudiced, and that Universal Underwriters is relieved of its obligation to defend and indemnify Heubel in the Harris suit.

68. Universal Underwriters is reserving and preserving any and all rights and defenses under the policy in equity and under law.

**WHEREFORE**, Universal Underwriters respectfully requests the Court to enter judgment in its favor against Heubel for the following relief:

a. A Declaration that Heubel has materially breached the cooperation clause in the policy by not permitting Universal Underwriters to exercise its right to defend the Harris suit;

b. A Declaration that Heubel has materially breached the cooperation clause in the policy by refusing to cooperate with Universal Underwriters in the pursuit of indemnification from third parties for liability arising in the Harris suit;

c. A Declaration that Heubel has materially breached the insurance policy and that Universal Underwriters is thereby discharged from any and all obligations to defend or indemnify Heubel;

d. Compensatory damages, including those resulting from Heubel's breach of the policy;

e. Actual attorneys fees and costs; and

f. Such other relief as the Court may deem just and equitable.

**BROWN & JAMES, P.C.**

/s/ David R. Buchanan
David R. Buchanan MO #29228
1100 Main St, Suite 1900
Kansas City, Missouri 64105-2153
Telephone: (816) 472-0800
Facsimile: (816) 421-1183
E-mail: dbuchanan@bjpc.com
**Attorney for Universal Underwriters Insurance Company**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of May, 2010, the foregoing was electronically filed with the Clerk of the United States District Court for the Western District of Missouri using the CM/ECF system, which will send a notice of electronic filing to all counsel of record. A copy was sent via U.S. mail, postage prepaid, to:

The Raymond Corporation
20 S. Canal Street
Greene, NY 13778

/s/ David R. Buchanan

8579800.jmg