# EXHIBIT A – NOTICE OF 30(b)(6) DEPOSITION OF HEUBEL MATERIALS HANDLING, INC.

## DEFINITIONS AND INSTRUCTIONS

1. "Person" means natural persons, corporations, firms, companies, partnerships, unincorporated associations, governmental or public agencies, joint ventures, and all other entities.

2. "Heubel" means the named Plaintiff, Heubel Materials Handling Company, Inc., and all of its present and former members, employees, agents, representatives, counsel, and all persons and entities acting or purporting to act under its control or on its behalf.

3. "Universal" means the named Defendant/Counterclaimant/Third Party Plaintiff Universal Underwriters Insurance Company, and all of its present and former agents, representatives, affiliates, employees, members and all other persons or entities acting or purporting to act under its control or on its behalf.

4. "Raymond" means the named Third Party Defendant, The Raymond Corporation, and all of its present and former agents, representatives, affiliates, employees, members and all other persons or entities acting or purporting to act under its control or on its behalf.

5. "Liberty Mutual" means the named Third Party Defendant, Liberty Mutual Insurance Company, and all of its present and former agents, representatives, affiliates, employees, members and all other persons or entities acting or purporting to act under its control or on its behalf.

6. "Harris claim" means the lawsuit known as <u>William R. Harris v. Heubel Materials Handling, Inc.</u> pending in the United States District Court for the District of Kansas, Case No. 09-CV-1136 EHM-KHM.

7. "Communications" means any and all of the following: writings, oral communications, conversations by telephone, meetings, and any contact, oral or written, formal or informal, at any time or place, and under any circumstances whatsoever in which information of any nature was transmitted or exchanged in any form.

8. "Relating to" and/or "concerning" means constituting or evidencing and directly or indirectly mentioning, describing, referring to, pertaining to, being connected with or reflecting upon the stated subject matter.

9. The words "any" and "all" shall be considered to include "each" and "each and every."

10. The singular of any word shall include the plural, and the plural of any word shall include the singular.

11. "Or" shall mean "and/or."

12. "And" shall mean "and/or."

13. "Indemnity," "Indemnification," or "Indemnity Agreement" shall mean an agreement whereby one party agrees to secure another and/or hold another harmless against an anticipated loss or damage or claim for loss or damage.

## TOPICS OF TESTIMONY

1. Any and all communications between Heubel and Raymond concerning, regarding, referencing or relating to the Harris claim, including but not limited to, any communications pertaining to insurance coverage that may exist for the Harris claim, and/or any insurance polices that may be applicable to the Harris claim.

2. Any and all communications between Heubel and Universal concerning, regarding, referencing or relating to the Harris claim, including but not limited to, any communications pertaining to insurance coverage that may exist for the Harris claim, and/or any insurance policies that may be applicable to the Harris Claim.

3. Any and all communications between Heubel and Liberty Mutual concerning, regarding, referencing or relating to the Harris claim, including but not limited to, any communications pertaining to insurance coverage that may exist for the Harris claim, and/or any insurance policies that may be applicable to the Harris Claim.

4. Any and all documents between Heubel and Raymond concerning, regarding, referencing or relating to the Harris claim, including but not limited to, any communications pertaining to insurance coverage that may exist for the Harris claim, and/or any insurance policies that may be applicable to the Harris Claim.

5. Any and all documents between Heubel and Universal concerning, regarding, referencing or relating to the Harris claim, including but not limited to, any communications pertaining to insurance coverage that may exist for the Harris claim, and/or any insurance policies that may be applicable to the Harris Claim.

6. Any and all documents between Heubel and Liberty Mutual concerning, regarding, referencing or relating to the Harris claim, including but not

limited to, any communications pertaining to insurance coverage that may exist for the Harris claim, and/or any insurance policies that may be applicable to the Harris Claim.

7. All communications with and representations made to Universal by Heubel in connection with the underwriting and/or procuring of the Universal policy or policies under which Heubel seeks coverage.

8. Identification of the coverage part or parts of the Universal policy or policies under which Heubel is seeking coverage.

9. The business relationship and/or any business dealings between Heubel and Raymond.

10. Any insurance policies that exist whereby Heubel is listed and/or considered as an additional insured on any insurance policy obtained by Raymond.

11. Any insurance polices that exist covering or potentially covering an insured contract between Heubel and Raymond.

12. Any agreement with Raymond pursuant to which Raymond was to provide Heubel insurance coverage.

13. Any communications with Raymond relating to any agreement with Raymond pursuant to which Raymond was to provide Heubel insurance coverage.

14. Any indemnity agreements that exist between Heubel and Raymond.

15. Any communications between Heubel and Raymond regarding any indemnity agreements that exist between Heubel and Raymond.

16. Any indemnity agreements that may indemnify Heubel in whole or in part for liability resulting from the Harris claim.

17. All efforts made Heubel to pursue indemnification from Raymond in connection the Harris suit.

18. All facts upon which you base any contention that Heubel has not refused and/or failed to enforce any potential indemnity right against Raymond in connection with the Harris suit.

19. Any claims in the last five years, for which Heubel has requested Raymond to indemnify Heubel or provide a defense for Heubel.

20. Any claims in the last five years, for which Heubel has been indemnified by Raymond and/or where Raymond has provided a defense for Heubel.

21. Any Raymond Sales Policy Manual applicable to Heubel.

22. Any insurance policy that may be applicable to the Harris suit.

23. The identity of the person or entity controlling the defense of the Harris suit.

24. Any decision (and the rationale therefore) made by Heubel not to initially or immediately notify Universal of the Harris claim.

25. Any decision (and the rationale therefore) made by Heubel not to seek to enforce any indemnity agreements from Raymond and/or Liberty Mutual for the Harris claim including, but not limited to, the provisions of the Raymond Sales Policy Manual for the Harris Claim the agreement.

26. Any decision (and the rationale therefore) made by Heubel not to cooperate with Universal in the pursuit of indemnification from Raymond and/or Liberty Mutual for the Harris claim.

27. Any decision (and the rationale therefore) made by Heubel not to permit Universal to defend it in the Harris suit.

28. All facts upon which Heubel bases the contentions in Affirmative Defense 2 that Universal has waived any coverage defenses based upon the provisions in its policy and applicable law.

29. All facts upon which Heubel bases any contention that enforcing its indemnification agreement with Raymond would adversely affect Heubel in the defense of the Harris suit.

30. All facts upon which Heubel bases any contention that enforcing its indemnification agreement with Raymond would create a conflict between Heubel and counsel chosen by Universal and/or between Heubel and Universal.

31. All facts upon which Heubel bases any contention that Universal has not offered to defend Heubel without reservation of rights in the Harris suit.

32. All facts upon which Heubel bases any contention that Heubel has not refused Universal's offer to defend in the Harris suit.

33. All facts upon which Heubel bases any contention that there is no indemnification agreement between Heubel and Raymond.

34. All facts that Heubel contends supports its allegation in paragraph 16 of its Amended Declaratory Judgment Complaint that "…a dispute potentially exists as to whether the Raymond indemnity agreement actually provides indemnity to Heubel for the underlying Harris suit."

35. All facts that Heubel contends supports its allegation in paragraph 19 of its Amended Declaratory Judgment Complaint that "By pursuing indemnity under the Raymond indemnity agreement, Universal's selected counsel could be required to take inconsistent or contradictory positions from those Heubel has taken in defense of the underlying Harris suit."

36. The nature, amount, basis for, and method of calculation of all compensatory damages you assert.

37. Any issues raised in Heubel's Amended Declaratory Judgment Complaint in the instant case.

38. Any issues raised in Heubel's Answer and Affirmative Defenses to Universal's Counterclaim for Declaratory Judgment in the instant case.