IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| HEUBEL MATERIAL HANDLING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10-CV-00102-DGK |
| | ) | |
| UNIVERSAL UNDERWRITERS INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant/Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE RAYMOND CORPORATION, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

## ORDER DENYING MOTION FOR PROTECTIVE ORDER

This case arises out of an insurance coverage dispute in a personal injury lawsuit filed by William Harris against Heubel Material Handling, Inc. Harris alleges he was injured by a defectively repaired forklift bearing the trademark of The Raymond Corporation. Universal Underwriters sold Heubel an insurance policy providing coverage for lawsuits seeking damages arising out of bodily injuries. In this lawsuit Heubel is seeking declaration of the coverage provided by Universal's policy.

Presently before the Court is a dispute between the parties concerning the scope of discovery in this case. Universal has served 30(b)(6) corporate deposition notices on both Heubel and Third-Party Defendant The Raymond Corporation, as well as an individual notice of deposition on Timothy Koval, Raymond's chief legal officer. Universal also seeks discovery into some parol evidence matters.

Pursuant to Local Rule 37.1 the parties have submitted short memorandums setting out their positions. The Court does not need oral argument from the parties, and now rules as follows.

Heubel and Raymond contend the depositions seek discovery of various parol evidence, including communications between Heubel and Raymond regarding the Harris lawsuit, communications between Heubel and another insurance company, Liberty Mutual, concerning the coverage Liberty Mutual was providing, and the nature of the relationship between Heubel and Raymond. Heubel and Raymond contends these extra-contractual matters are irrelevant to interpreting the key documents in this case, the insurance policies. Heubel and Raymond seek an order prohibiting Universal from taking these depositions and or conducting discovery into parol evidence. In response, Universal argues that even if some of the topics to be covered in the depositions concern parol evidence, the inquiry is still calculated to lead to the discovery of admissible evidence.

Completely foreclosing a deposition is an "'extraordinary measure which should be resorted to only in rare occasions.'" *Jennings v. Family Mgmt*, 201 F.R.D. 272, 275 (D.D.C. 2001) (quotation omitted). A movant seeking such an outcome bears "a heavy burden of showing 'extraordinary circumstances'" justifying such an order. *Alexander v. FBI*, 186 F.R.D. 71, 75 (D.D.C. 1998). Indeed, under Rule 26(b) the proper subject matter of a deposition includes any non-privileged matter that is relevant to any party's claim or defense or that may lead to the discovery of admissible evidence, regardless of whether the information sought is itself admissible at trial. In the present case while some of the information sought by Universal may not be admissible at trial or during summary judgment, it is nonetheless designed to lead to the discovery of admissible evidence, thus it is permissible.

The Court holds Heubel and Raymond have not carried their burden of showing extraordinary circumstances. The Motion for Protective Order (doc. 79) is DENIED.

**IT IS SO ORDERED.**

DATE:  <u>November 18, 2010</u>  <u>/s/ Greg Kays</u>
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT