# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| HEUBEL MATERIAL HANDLING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10-CV-00102-DGK |
| | ) | |
| UNIVERSAL UNDERWRITERS | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant/Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE RAYMOND CORPORATION, and | ) | |
| LIBERTY MUTUAL INSURANCE CO. | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

## ORDER REGARDING DISCOVERY DISPUTE

Pending before the Court is a discovery dispute between the parties. There are four subparts to the disputes here: (1) Heubel's responses to interrogatories 9, 10, 11, 12, and 13 in Universal's second set of interrogatories to Heubel; (2) the assertion of attorney-client privilege by Heubel's corporate representative during a deposition; (3) Raymond's responses to interrogatories 7, 10, 11, 12, 13, 14 and 15 in Universal's second set of interrogatories to Raymond; and (4) the assertion of attorney-client privilege by Raymond's corporate representative during a deposition.

Pursuant to Local Rule 37.1 the parties have submitted memorandum explaining their positions, and during a phone conference on March 24, 2011 the Court heard argument from

Huebel's counsel Patrick Nolan, Universal's counsel James Walsh, and Raymond's counsel Ryan Fowler.[1]  The Court now issues its ruling.

**1.    Heubel's objections to the second set of interrogatories are overruled.**

While interrogatories may not extend to pure issues of law, that is, legal issues unrelated to the facts of the case, an interrogatory is not objectionable merely because the answer involves an opinion or contention that relates to fact or the application of law to fact.  Fed. R. Civ. P. 33(a)(2) and advisory committee's note at ¶ 15.  Such interrogatories "can be most useful in narrowing and sharpening the issues, which is a major purpose of discovery."  Fed. R. Civ. P. 33(a)(2) advisory committee's note at ¶ 15.  Indeed, "discovery is designed to allow the defendant to pin down the plaintiff's theories of liability . . . thus confining discovery and trial preparation to information that is pertinent to the theories of the case."  *O2 Micro Int'l Ltd v. Monolithic Power Sys.*, 467 F.3d 1355, 1365 (Fed. Cir. 2006).

In the present case interrogatories 9, 10, 11, 12, and 13 are all straightforward contention interrogatories which seek the facts upon which Heubel bases its allegations in the Amended Complaint and affirmative defenses.  Accordingly, Plaintiff's objections are overruled.

**2.    The attorney-client privilege does not apply to the question Universal asked of Heubel's corporate representative.**

The question asked of Heubel's corporate representative during the deposition was, "Has Raymond told Heubel that it will pay for any settlement that is entered into or any adverse . . . verdict that might be entered against it in connection with the *Harris* matter?"  Heubel contends this information is protected by the attorney-client privilege.  The Court finds no merit to this objection.

---

[1] Counsel for Liberty Mutual Insurance Company, Bruce Moothart, listened in on the phone conference but did not participate in the argument.

Because this is a diversity action the state law of privilege applies here, *see* Fed. R. Evid. 501, and under Missouri law the party invoking the attorney-client privilege bears the burden of showing it applies. *Ratcliff v. Sprint Missouri, Inc.*, 261 S.W.3d 534, 549 (Mo. Ct. App. 2008). In Missouri the attorney-client privilege attaches to 1) information transmitted by voluntary act of disclosure; 2) between a client and his lawyer; 3) in confidence; and 4) by a means which discloses the information to no third parties other than those reasonably necessary for transmission of the information. *State v. Longo*, 789 S.W.2d 812, 815 (Mo. Ct. App. 1990). Courts also consider the surrounding circumstances for whether they indicate the existence, or nonexistence, of any of these elements. In this case the question asked was, has Raymond told Heubel it will pay for any settlement that is entered into or any adverse verdict? This question concerns the a putative communication between two corporations, not an attorney and a client. The fact that the deponent corporate representative, Mr. Callea, is an attorney does not make the answer to this question privileged.

Plaintiff has not met its burden of demonstrating the privilege applies, so the objection is overruled.

**3.  Raymond's objections to the second set of interrogatories are overruled.**

Universal's interrogatories to Raymond numbered 10-13 seek the facts upon which Raymond bases its affirmative defenses. These are contention interrogatories whose answers will involve the application of law to facts, but that does not make them objectionable. Accordingly, Plaintiff's objections to these interrogatories are overruled.

Interrogatories 7, 14, and 15 are contention interrogatories whose goal appears to be to pin down the Plaintiff on particular issues and identify the factual basis for these positions, thus

narrowing and sharpening the issues for subsequent discovery or trial. Consequently, they are not objectionable.

**4. The attorney-client privilege also does not apply to the three disputed questions asked of Raymond's corporate representative.**

The disputed questions here are as follows: (1) Did Raymond ever inform Heubel that Liberty had concluded that there appeared to be coverage for Heubel for the *Harris* claim under the insured contract provision of the Liberty Policy? (2) If there was a settlement or adverse verdict in the *Harris* matter would Raymond expect Heubel to pay any portion of the settlement or adverse verdict? (3) Have you asked that Heubel file a third party claim against Raymond in the *Harris* matter? Raymond contends the answers to these questions are privileged because Raymond and Heubel are "affiliated" companies, with Raymond indirectly owning part of Heubel, and because Raymond's General Counsel, Mr. Callea (who also served as Heubel's corporate representative), is administering the defense of the *Harris* claim. The Court finds no merit to these objections.

These questions are about what one corporation communicated to another, they do not concern the substance of any particular communication between an attorney and a client. Designating Mr. Callea as the corporate representative does not render the answers to these questions privileged. Plaintiff has not met its burden of demonstrating the privilege applies, and the objection is overruled.

**IT IS SO ORDERED.**

DATE: March 25, 2011				/s/ Greg Kays
						GREG KAYS, JUDGE
						UNITED STATES DISTRICT COURT