IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| HEUBEL MATERIAL HANDLING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10-CV-00102-DGK |
| | ) | |
| UNIVERSAL UNDERWRITERS INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendant/Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE RAYMOND CORPORATION, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

## ORDER

Before the Court are the parties briefs submitted in response to the Court's Order dated November 3, 2010. The issue the Court must decide is what portion of this case should be tried to a jury.

Defendant/Third-Party Plaintiff Universal Underwriters argues Plaintiff Heubel is entitled to a jury trial only on the factual issues common to both its amended complaint for declaratory judgment and Universal's counterclaim for declaratory judgment.

Plaintiff Heubel concedes that it did not request a jury trial in the Complaint, but subsequently demanded a jury trial in its answer to Universal's counterclaim. Heubel also notes that Third-Party Defendant The Raymond Corporation has requested a jury trial on Universal's claims against it, and that the issues in dispute between Raymond and Universal are directly related to and intertwined with the dispute between Universal and Heubel. Heubel contends that

to the extent there is a factual dispute here, a jury trial should hear the entire matter. Raymond agrees with this conclusion.

Rule 39(b) invests the Court with broad discretion to order a jury trial in this matter. Some factors to consider in exercising this discretion are (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in disruption of the Court's schedule or that of an adverse party; (3) the degree of prejudice to the adverse party; (4) the length of delay in having requested the jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial. *See Credit Bureau of Council Bluffs, Inc. v. Credit Bureau Data Centers, Inc.*, 143 F.R.D. 206, 212 (S.D. Iowa 1992). Ordering a jury trial will not disrupt the scheduling in this matter or prejudice any party. The delay in requesting the jury trial has been *de minimis*, and the reason for the delay, an oversight on counsel's part, is understandable. Finally, given that there will be a jury trial on Universal's claims against Raymond, and that these issues are related to and intertwined with the dispute between Universal and Heubel, this case involves issues that are best tried to a jury.

Accordingly, any fact issues in this case will be tried to a jury.

**IT IS SO ORDERED.**

DATE: April 7, 2011 /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT