# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| HEUBEL MATERIAL HANDLING, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:10-CV-00102-DGK |
| UNIVERSAL UNDERWRITERS INSURANCE COMPANY, | ) | |
| Defendant/Third-Party Plaintiff, | ) | |
| v. | ) | |
| THE RAYMOND CORPORATION, and LIBERTY MUTUAL INSURANCE CO. | ) | |
| Third-Party Defendants. | ) | |

## ORDER DENYING MOTION TO RECONSIDER

Pending before the Court is Plaintiff Heubel Material Handling, Inc.s' Motion for Reconsideration of the Court's March 25, 2011 Discovery Order (doc. 178). Heubel asks the Court to reconsider that portion of its previous order holding that the attorney/client privilege does not shield from disclosure information Universal seeks from the designated corporate representative of Heubel and Third-Party Defendant The Raymond Corporation.

Finding that Heubel had a fair opportunity to litigate this issue previously and that granting the motion will not correct any error, the motion is DENIED.

**Standard**

The Federal Rules of Civil Procedure do not include a 'motion to reconsider.' *Keys v. Wyeth, Inc.*, No. C08-1023, 2009 WL 1010064, at *1 (N.D. Iowa April 14, 2009). Such motions are usually construed as either a Rule 59(e) motion to alter or amend the judgment, or a Rule

60(b) motion for relief from a "final judgment, order, or proceeding." *Keys v. Wyeth, Inc.*, No. C08-1023, 2009 WL 1010064, at *1 (N.D. Iowa April 14, 2009).

Motions brought pursuant to Rule 59(e) "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (citations omitted). They cannot be used to introduce evidence that could have been offered during the pendency of the motion, or "to raise arguments which could have been raised prior to the issuance of the judgment." *Id.* A district court has "broad discretion" in determining whether to grant a Rule 59(e) motion. *Id.* at 413.

Rule 60(b) motions may be used to reconsider a final order on certain enumerated grounds such as excusable neglect, fraud, newly discovered evidence, or "any other reason that justifies relief." Under Eighth Circuit law a party moving for reconsideration pursuant to any portion of Rule 60(b) must "establish 'exceptional circumstances' to obtain the 'extraordinary relief' the rule provides." *DeWit v. Firstar Corp.*, 904 F.Supp. 1476, 1496 (N.D. Iowa 1995) (quoting *United States v. One Parcel of Prop. Located at Tracts 10 and 11 of Lakeview Heights, Canyon Lake, Comal County, Texas*, 51 F.3d 117, 119 (8th Cir. 1995)).[1] A district court has wide discretion in deciding whether to grant a Rule 60(b) motion, but the Eighth Circuit has warned that "exceptional circumstances are not present every time a party is subject to potentially unfavorable consequences as a result of an adverse judgment properly arrived at." *Atkinson v. Prudential Prop. Co., Inc.*, 43 F.3d 367, 373 (8th Cir. 1994). Both Rule 59(e) and Rule 60(b) require that any judgment or order being reconsidered be a final judgment or order.

---

[1] Wright, Miller, and Kane argue that a showing of exceptional or extraordinary circumstances is necessary only when a party moves for reconsideration under the catchall clause of Rule 60(b)(6), which permits reconsideration for "any other reason that justifies relief." 11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure § 2857 (2nd ed. 1995). Because the Court is bound by Eighth Circuit precedent, however, it will apply the higher standard to all Rule 60(b) motions.

Fed. R. Civ. P. 59(e), 60(b); *see* 11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure § 2852 (2nd ed. 1995).

The standard for reconsideration of an interlocutory order is less clear. *Vosdingh v. Qwest Dex, Inc.*, No. Civ. 03-4284 ADM/AJB, 2005 WL 1323007, at *1 (D. Minn. June 2, 2005). Although Rule 54(b) states that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment," some language suggests that motions to reconsider "are nothing more than Rule 60(b) motions when directed at non-final orders." *Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006) (citing *Anderson v. Raymond Corp.*, 340 F.3d 520, 525 (8th Cir. 2003) and *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999)). This language appears to be dicta. *Garrett v. Albright*, No. 4:06-CV-4137-NKL, 2008 WL 268993, at *2 n.2 (W.D. Mo. Jan. 30, 2008) (Laughrey, J.); *Laird v. Stilwill*, 982 F.Supp. 1346, 1354 (N.D. Iowa 1997) (holding that a district court's discretion to amend an interlocutory order is greater than its power to amend a final judgment); *see also Vosdingh,* 2005 WL 1323007, at *1 (observing that "[s]ince this Court owes no deference to itself and knows it makes mistakes, motions to reconsider will be granted and a change made when convinced an error has been made, manifest or not.").

The Court holds it has greater discretion to grant a motion to reconsider an interlocutory order than a motion to reconsider a motion brought pursuant to Rules 59(e) or 60(b). Of course, it also has an interest in judicial economy and ensuring respect for the finality of its decisions, values which would be undermined if it were to routinely reconsider its interlocutory orders. Accordingly, the Court will reconsider an interlocutory order only if the moving party

demonstrates (1) that it did not have a fair opportunity to argue the matter previously, and (2) that granting the motion is necessary to correct a significant error.

## Discussion

The March 25, 2011 discovery order was a non-final, non-appealable interlocutory order, *see Union County, Iowa v. Piper Jaafray & Co., Inc.*, 525 F.3d 643, 647 (8th Cir. 2008), so Heubel must show (1) that it did not have a fair opportunity to argue the matter previously, and (2) that granting the motion is necessary to correct a significant error.

With respect to the first element, the Court notes Heubel has submitted a declaration "to clarify and provide additional evidence" to the Court, but Heubel has not explained why it could not have presented this evidence and accompanying argument previously. The Court finds Heubel had ample opportunity to argue this matter and declines to give it another bite at the apple. Allowing Heubel to make new argument at this point would undermine the efficient administration of justice by encouraging parties to engage in seriatim briefing which would increase the cost of litigation without increasing the quality of justice. Turning to the second element, the Court has carefully reviewed its previous order and finds no error, much less a significant error. Consequently, Heubel cannot meet its burden here.

## Conclusion

The Motion for Reconsideration (doc. 178) is DENIED.

**IT IS SO ORDERED.**

DATE: April 15, 2011 /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT